IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.   CRIMINAL ACTION NO. 2:18-cr-00105

KYLE THOMPSON.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Kyle Thompson's Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c), based largely on the current public health crisis resulting from the COVID-19 pandemic. [ECF No. 69]. The exigencies of this situation are global with regard to federal detainees. The statutory preclusion is such that the court finds it more appropriate to deal with this Motion without further briefing or filings. For the reasons that follow, the Motion is **DENIED without prejudice**.

I.   Background

On February 28, 2019, Kyle Thompson pleaded guilty before this Court to a violation of U.S.C. § 841(a)(1) for the distribution of 5 grams or more of methamphetamine. [ECF No. 35]. On May 23, 2019, I sentenced Mr. Thompson to a term of 60 months imprisonment. [ECF No. 46]. He is currently serving his sentence of imprisonment at the Federal Correctional Institution in Hazelton, West Virginia.

According to Mr. Thompson, he is unable to use the full capacity of his lungs. In 2008, Mr. Thompson was involved in a motorcycle accident, which he claims caused "a several [sic] brachial plexus injury to his right upper extremity and paralyzing his diaphragm… It is the paralyzing of his diaphragm, which has limited his use to one lung...." Def.'s Mot. for Modification or Reduction of Sentence, 2–3 [ECF No. 69]. Mr. Thompson avers that this medical condition creates a great risk to his health should he contract COVID-19.[1] He now asks the court to modify or reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c) in light of the COVID-19 health crisis.

Mr. Thompson acknowledges that he has not exhausted all his administrative remedies, as required by statute. *Id.* at 3. He sought a reduction in sentence from the Warden on the basis that he had a "debilitating medical condition." *See* Ex. 2 Warden Response to Inmate [ECF No. 69–2]. The Warden denied the request. *Id.* Defendant represents that he filed an appeal of that denial to the Bureau of Prisons ("BOP") in conjunction with this Motion [ECF No. 69]. Def.'s Mot. for Modification or Reduction of Sentence, 1 [ECF No. 69]. Mr. Thompson argues that his medical condition of a paralyzed diaphragm, which allegedly causes his right lung not to function, creates an extraordinary and compelling reason for this court to bypass the administrative remedy of BOP and grant Mr. Thompson immediate relief.

---

[1] Although Mr. Thompson states in his Motion that he will provide the court with his medical records through email, the court has not received any records. I nevertheless find it prudent to note that the medical records would not alter the court's findings on this Motion.

## II. Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and give BOP thirty days to respond. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment…." 18 U.S.C. § 3582(c)(1)(A)(i). Along with Defendant in this case, numerous defendants across the country have cited the unusual circumstances presented by COVID-19 as a basis for compassionate release and argued that the exhaustion requirement should be excused. *See e.g., United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020).

Though some district courts have waived Section 3582's exhaustion requirement because of the COVID-19 pandemic,[2] the majority of district courts—

---

[2] *See e.g.,United States v. Paul Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020) (finding that the exhaustion requirement should be waived as undue delay in defendant's release could result in catastrophic health consequences for him in light of his underlying health conditions and the COVID-19 pandemic); *United States v. Jones*, Criminal No. 3:11cr249-MHL, ECF No. 47 (E.D. Va. Apr. 3, 2020) (finding that the defendant's "unique circumstances and the exigency of a rapidly advancing pandemic" justified waiver of the exhaustion requirement); *United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (finding that the defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [Metropolitan Correctional Center], justifies waiver of the exhaustion requirement," because the defendant had "less than three weeks remaining on his sentence" and suffered "severe side effects" from two surgeries); *United States v. Calvin*, No. 19 Cr. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (finding that "all three exceptions to the exhaustion requirement apply to Defendant's request").

albeit some with little to no discussion—have found that failure to exhaust administrative remedies is a death knell to a defendant's request for compassionate release.[3] Of the federal appellate courts, only the Third Circuit has ruled on the issue of exhaustion of administrative remedies in the context of Section 3582, though the Fifth Circuit mentioned the possibility of waiver, without ruling on the issue. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Higginson J., concurring). The Third Circuit in *Raia* did not discuss in-depth the potential exceptions to administrative exhaustion. *See Raia*, 954 F.3d at 597. But the court denied the defendant's motion to reduce his sentence outright, holding that any remand would be futile because of the defendant's failure to comply with Section 3582's exhaustion requirement. *Id.* The Third Circuit described the exhaustion requirement as a "glaring roadblock foreclosing compassionate release" to a defendant who failed to exhaust his or her administrative remedies. *Id.*

---

[3] *See e.g., United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020); *United States v. Feiling*, No. 3:19 CR 112 (DJN), 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020; *United States v. Underwood*, No. CR TDC-18-0201, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020); *United States v. Sundblad*, No. CV 6:16-CR-00047-JMC, 2020 WL 1686237, at *2 (D.S.C. Apr. 7, 2020); *United States v. Carver*, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); *United States v. Clark*, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Garza*, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *United States v. Zywotko*, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778. at *1 (S.D.N.Y. Mar. 24, 2020).

As previously stated, it is worth noting that the Fifth Circuit acknowledged exhaustion in the context of compassionate release and the recent health crisis. In a concurrence, the Honorable Stephen A. Higginson stated,

> [s]econd, our reasoning on [Prison Litigation Reform Act] PLRA's exhaustion requirement does not foreclose federal prisoners from seeking relief under the First Step Act's provisions for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Though that statute contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic.

*Valentine*, 2020 WL 1934431, at *8.

Of course, precedent from the Third Circuit and Fifth Circuit—set forth in holdings, commentary, or other dicta—is not binding on this court. Neither am I bound by other district court opinions. These decisions, however, provide informative guidance.

Here, Defendant largely relies on *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) to avoid the exhaustion requirement. Unlike in this case, where exhaustion is unambiguously mandated by statute, the case in *Washington* involved a judicially created exhaustion requirement. *Id.* at 115 ("Although the [Controlled Substances Act]…does not expressly mandate the exhaustion of administrative remedies, our precedents indicate that it is generally to be required as a prudential rule of judicial administration."). In *Washington*, the Second Circuit found that imposing an exhaustion requirement was appropriate, even though the statute at-issue, the Controlled Substances Act, did not explicitly require it. "No doubt, judge-made

5

exhaustion doctrines… remain amenable to judge-made exceptions." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). The Second Circuit expressed that "[e]ven where exhaustion is seemingly mandated by statute..., the requirement is not absolute." *Washington*, 925 F.3d at 118. I am more skeptical, however, towards the application of judge-made exceptions to explicit statutory mandates of exhaustion, where the intent of Congress is clear. *See Ross*, 136 S. Ct. at 1857.

Section 3582 itself contemplates the potentially urgent nature of compassionate release decisions and does not provide an exception for exigent circumstances. *See* 18 U.S.C. § 3582(c)(1)(A). Unlike many other statutory exhaustion provisions that require exhaustion of all administrative remedies before a claim can be brought in court, "Section 3582 provides an alternative." *Wright*, 2020 WL 1922371, at *2; *see also United States v. Underwood*, No. CR TDC-18-0201, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020). The statute requires "exhaustion of all administrative rights *or* the lapse of 30 days from the warden's receipt of the inmate's request for compassionate release, whichever is earlier." *See id.* (citing 18 U.S.C. § 3582(c)(1)(A)) (emphasis added). "This alternative suggests that the Congress recognized that even if compassionate release requests cannot always await the full administrative process to be completed, the BOP should have at least 30 days to act on such a request." *Id.*

Moreover, the exhaustion requirement indicates that the Congress intended BOP to play a meaningful role in the compassionate release process. *See Raia*, 954 F.3d at 597. The agency's expertise and access to necessary information about

6

defendants makes it uniquely situated to handle compassionate release decisions. *Id.* "The court may of course review those judgments, but the Congress expressed its clear intent that such review would come second, with the benefit of the BOP's initial assessment." *Wright*, 2020 WL 1922371, at *2. In *Raia*, the Third Circuit reasoned,

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread… Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.

*Id.* I agree with the Third Circuit that circumventing the exhaustion requirement and thus removing the agency's expertise from the process is shortsighted.

Where a governmental agency has more expertise and resources to make a determination such as this, and the statute requires an expeditious exercise of that decision making, then it is wholly inappropriate for the court to intervene. Because I find that waiver of Section 3582's exhaustion requirement is not appropriate, and that Defendant has not exhausted his administrative remedies, I do not reach the merits of Mr. Thompson's Motion to Reduce or Modify Sentence [ECF No. 69]. The Motion is **DENIED** for failure to exhaust administrative remedies.

### III. Conclusion

Defendant's Motion to Reduce or Modify Sentence [ECF No. 69] is **DENIED without prejudice.** The court **DIRECTS** the Clerk to send a copy of this Order to the

defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: May 5, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE